Caldwell, C.J.
The only question arising is whether there is any law authorizing recovery in a case of this kind.
In behalf of the defendant in error, it is contended that the statute for the prevention of gaming does not apply to betting on elections.
The second section of the statute provides : “ That if any person or persons, by playing at any game or games, or by means of any bet or wager, shall lose, to any other person or persons, any sum of money or other thing of value,” etc., that “ at any time within six months next after the loss and payment, etc., the person losing may sue and recover the same in an action of debt.”
The fourth section of the act provides that if any person or persons, losing such money or thing, shall fail to bring suit for six months, it shall be lawful for any person, by such action, to bring suit for and recover the same. Swan’s Stat. 427.
The language of the statute is general, comprehending in its terms every kind of bet or wager, and we do not see that betting on elections can be taken without its provisions. We suppose the object of the legislature was to operate on and render void the results of betting, without reference to the nature of the future event to which the bet may have had relation.
We have been referred by counsel for defendant to the case of' Thomas v. Cronise, 16 Ohio, 54, as a decision in their favor. • That was a bill in chancery, filed for the purpose of recovering property lost by- a bet on the election of Governor of Ohio in 1842. The *121 court held that the parties *being in pari delicto, a court of chancery would not interfere. This is a well-established principle of jurisprudence. The court, however, say, after placing the decision on this ground, “ There is no statute which gives relief in a ease of this kind, either in a court of law or equity.” Now, whilst we concur fully in that decision, we can not acquiesce in this dictum.
It is to be observed, that this statute treats the subject of gaming and betting in a double view; it makes all contracts of that kind void, and jirovides that the money which may have been lost may be recovered back by an action of debt. The seventh and eighth sections make betting and gaming an offense to be prosecuted by indictment and punished by fine. These penal sections have been to some extent superseded by the statute to punish betting on elections, Swan’s Stat. 254, and the statute “more effectually to prevent gambling,” 44 Ohio L. 10, Curwen’s Rev. Stat. Chap. 626, by which these offenses are made more highly penal; but the other sections of the gaming act, under which this suit is brought, still remain in full force. Wo think, then, that the court of common pleas erred in sustaining the demurrer to the declaration. The judgment, therefore, will be reversed.

Judgment reversed.